J-S26013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN HARLEY ZUBER | : | |
| | : | |
| Appellant | : | No. 1483 EDA 2018 |

Appeal from the PCRA Order April 17, 2018
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004397-2012

BEFORE:   PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:               **FILED SEPTEMBER 05, 2019**

Stephen Harley Zuber appeals, *pro se*, from the order denying his petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On September 19, 2013, Appellant was convicted of attempted criminal homicide and related offenses after shooting his girlfriend and holding their child hostage.  On November 1, 2013, he was sentenced to not less than twenty nor more than forty years of incarceration.  Appellant filed a timely post-sentence motion, which the trial court denied on March 12, 2014. Appellant did not file a direct appeal.

Appellant subsequently filed his first PCRA petition.  The PCRA court found that counsel had abandoned Appellant by not filing an appeal, granted

_____

[*] Retired Senior Judge assigned to the Superior Court.

the petition, and reinstated his direct appeal right. Appellant filed a timely direct appeal of his sentence.

In response to the trial court's concise statement order, counsel filed a statement of intent to file an *Anders* brief. *See* Pa.R.A.P. 1925(c)(4). Counsel filed his *Anders* brief on December 7, 2015, together with a letter stating that Appellant had the right to proceed *pro se* or with privately retained counsel *if* counsel were permitted to withdraw.

This Court issued a *per curiam* order instructing counsel that he had improperly characterized Appellant's right to proceed *pro se*. Counsel then sent a second letter on explaining his error and notifying Appellant that he had the current right to pursue the appeal *pro se*. *See Commonwealth v. Zuber*, 2973 EDA 2015, 6-7, n.10 (Pa. Super. filed July 15, 2016) (unpublished memorandum). Appellant filed no further submissions. On July 15, 2016, this Court affirmed Appellant's judgment of sentence. *See id.*

On July 11, 2017, Appellant filed a *pro se* PCRA petition.[1] The PCRA court appointed counsel, who filed a *Turner*/*Finley* "no merit" letter and a petition for permission to withdraw from representation.[2] On February 12,

---

[1] Appellant filed a *pro se* motion to correct illegal sentence on July 11, 2017, which the PCRA court treated as a PCRA petition, followed by a *pro se* PCRA petition on July 12, 2017.

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1998); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

2018, the court conducted a hearing on counsel's petition, and granted him permission to withdraw from representation.[3]

During the hearing, the PCRA court notified Appellant that it was going to send notice of its intent to dismiss his petition, after which Appellant would have twenty days to respond. The court denied Appellant's request for more time, noting that the rule only requires twenty days from the date of receipt and explaining that it would be some time before Appellant received the notice. *See* N.T. Hearing, 2/12/18, at 7-8.

Two weeks after the hearing, on March 1, 2018, the PCRA court issued notice of its intent to dismiss Appellant's petition. *See* Pa.R.Crim.P. 907(1). Appellant filed a petition for new sentencing on March 6, 2018, which listed several ineffective assistance of counsel claims. On March 29, 2018, the PCRA court treated the petition for new sentencing as a PCRA petition, and dismissed

---

[3] Counsel filed his motion to withdraw on February 6, 2018, and met with Appellant on February 10, 2018. During the February 12, 2018 hearing, counsel testified that as a result of meeting with Appellant, he did not want to change his motion to withdraw. *See* N.T. Hearing, 2/12/18, at 2. The court had previously continued the PCRA hearing on two occasions to permit counsel the opportunity to meet with Appellant in person.

it because the first petition was pending.[4]  On April 17, 2018, the court dismissed Appellant's PCRA petition.[5]  This timely appeal followed.

Appellant filed his court-ordered concise statement of matters complained of on appeal.  The PCRA court filed its opinion on July 9, 2018.  ***See*** Pa.R.A.P. 1925.

Appellant raises four issues on appeal.

   A. Whether the PCRA Court erred as a matter of law and/or abuse of discretion when denying Appellant's reasonable request for an extension of time to adequately prepare his *pro se* response to appointed-counsel's ***Finley***/***Turner*** "no-merit" [l]etter upon only learning during evidentiary hearing held on February 12, 2018, that his court-appointed counsel was being granted his withdrawal without any prior advance notice?

   B. Whether the PCRA Court erred as a matter of law and/or abuse of discretion when granting Robert Sletvold, Esquire, his motion to withdraw as court-appointed PCRA counsel during the February 12, 2018 evidentiary hearing, without first inquiring if counsel had actually at least met with his client to discuss issues prior to submitting his ***Finley***/***Turner*** "no-merit" [l]etter, as previously directed to do so by the [PCRA c]ourt on January 2, 2018?

_____

[4] In its order, the court noted that if this petition were Appellant's attempt to respond to the notice of intent to dismiss, the petition raised new non-PCRA counsel ineffectiveness claims.  The court explained that such claims could not be raised in a response, but must be raised in an amended PCRA petition.  Appellant did not request permission to file an amended petition.

[5] Appellant claims to have mailed a letter to the PCRA judge requesting an extension to amend his petition.  ***See*** Appellant's Brief, at 41.  However no such letter appears in the certified record.  "The responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty."  ***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (citation omitted).

C. Whether the PCRA Court erred as a matter of law and/or abuse of discretion when denying a reasonable request for thirty (30) day enlargement of time to submit an amended PCRA Petition once learning that Appellant had never timely received the Court's 907 Notice of Its Intent to Dismiss that was issued March 1, 2018, postmarked March 7, 2018, but not physically received until March 16, 2018?

D. Whether the PCRA Court erred as a matter of law and/or abuse of discretion when adopting court-appointed PCRA counsel's **Finley/Turner** "no-merit" [l]etter that even suggests that Appellant's prior counsel Matthew J. Rapa, Esquire, whose improperly framed language had improperly obstructed Appellant's ability to timely submit any response to the **Anders**' Brief was without merit?

Appellant's Brief, at 5.

To the extent review of the PCRA court's determinations is implicated, an appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

**Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (internal quotation marks and citations omitted).

Preliminarily, with respect to Appellant's first two issues, we note that Appellant stated that he did not object to the PCRA court granting counsel's petition to withdraw from representation. **See** N.T. Hearing, at 6-7. As a result, Appellant cannot raise these issues on appeal. **See** Pa.R.A.P. 302(a). Appellant's first two issues are waived.

In his third issue, Appellant claims that the PCRA court abused its discretion when it denied his request for an extension of time to respond to

- 5 -

the court's notice of intent to dismiss. **See** Appellant's Brief, at 37-43. We disagree.

Pennsylvania Rule of Criminal Procedure 907(1) grants a petitioner twenty days to respond to the court's notice of intent to dismiss. **See** Pa.R.Crim.P. 907(1). "The decision to grant a continuance is within the sound discretion of the [PCRA] court, and we will reverse only if the court has abused its discretion." **Commonwealth v. Paddy**, 15 A.3d 431, 470 (Pa. 2011) (citations omitted).

Here, the record reflects that, after Appellant explained that he needed more time because of transfers between corrections institutions and limited access to the law library, the PCRA court waited sixteen days before it issued its notice of intent to dismiss. **See** N.T. Hearing, at 7-8. Therefore, the PCRA court afforded Appellant nearly forty days (from the February 12, 2018 hearing during which the court notified Appellant it would issue the 907(1) notice, until March 21, 2018, twenty days after the date of the notice) to file its response to the proposed dismissal.

Upon review, we conclude that the PCRA court did not abuse its discretion by denying Appellant's request for an extension of time to file his response to the notice. **See Paddy**, 15 A.3d at 470. Appellant's third issue does not merit relief. **See Spotz**, 84 A.3d at 311.

In his final issue, Appellant asserts a layered ineffectiveness claim. He argues that PCRA counsel rendered ineffective assistance by failing to advance

Appellant's claim that direct appeal counsel was ineffective. **See** Appellant's Brief, at 46-49.

"Counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on the appellant." **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa. Super. 2010) (citation omitted).

> To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. Where the defendant asserts a layered ineffectiveness claim he must properly argue each prong of the three-prong ineffectiveness test for each separate attorney.

**Commonwealth v. Rykard**, 55 A.3d 1177, 1189–90 (Pa. Super. 2012), (citations omitted). A failure to plead or prove any prong will defeat an ineffectiveness claim. **See Commonwealth v. Grove,** 170 A.3d 1127, 1138 (Pa. Super. 2017).

Appellant contends that PCRA counsel knew direct appeal counsel failed to correctly explain Appellant's right to respond *pro se* to the **Anders** brief, there was no reasonable basis for counsel's decision not to raise an ineffectiveness claim based on such error, and Appellant was prejudiced because he was deprived of his right to collateral review. **See id.** at 49. We disagree because we find Appellant cannot establish prejudice.

"A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Commonwealth v.**

*Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations and internal quotation marks omitted).

Here, to establish prejudice, Appellant must prove that direct appeal counsel's failure to explain that Appellant's right to proceed *pro se* was effective immediately caused actual prejudice; i.e., but for counsel's deficient failure to tell Appellant that the right to proceed *pro se* would attach immediately, Appellant would have immediately filed a response to the *Anders* brief.

Upon review, we conclude that Appellant has failed to meet his burden to prove actual prejudice. Appellant had myriad opportunities to respond *pro se* to counsel's *Anders* brief during the six month period between when counsel sent the corrected notification of Appellant's right to proceed *pro se* (January 25, 2016) and when the judgment of sentence was affirmed (July 15, 2016), and yet never once did he file a response, or request an extension of time to do so. Based on his later inaction, it appears unlikely that Appellant would have sent a *pro se* response immediately upon receiving the *Anders* brief if he had been informed that he had the right to do so. Appellant has not established actual prejudice because of direct appeal counsel's failure to act. Therefore, he cannot meet his burden of proving that direct appeal counsel was ineffective and his layered ineffectiveness claim fails. Appellant's fourth issue is meritless.

Appellant's issues are all either waived or meritless. Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/19